## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Amanda Moran
295 Rock Hill Church Road
Stafford, VA 22556,

     *Plaintiff,*

v.

     Civil Action No.:
     JURY TRIAL DEMANDED

JEFF SESSIONS, Attorney General
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530,

     *Defendant.*

## COMPLAINT FOR EQUITABLE AND
## MONETARY RELIEF AND DEMAND FOR JURY TRIAL

Plaintiff Amanda Moran brings this action against Defendant Jeff Sessions for Section 501 of the Rehabilitation Act, 29 U.S.C. § 791. Plaintiff is an employee of the Federal Bureau of Investigation.

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1331 because it asserts claims that arise under the laws of the United States, specifically Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791.

2.     Venue in this district is proper because the FBI is headquartered in Washington, D.C.

### PARTIES

3.     Moran is a resident of Stafford, Virginia, and has been continuously employed by the FBI since June 2002.

4.      Jeff Sessions is presently the Attorney General of the United States.  The FBI, which operates under the jurisdiction of the United States Department of Justice, is a government agency headquartered in the District of Columbia.

## ADMINISTRATIVE PREREQUISITES

5.      Moran has complied with all the administrative prerequisites necessary to bring this action.

6.      Moran timely filed a charge of disability discrimination against with the FBI on May 31, 2017.  The FBI's EEO office issued an acknowledgement on June 9, 2017.

7.      Moran has received no final agency decision on her formal complaint, and more than one hundred eighty (180 days) have elapses since Moran filed her formal complaint.

## FACTUAL ALLEGATIONS

8.      Moran has approximately sixteen years of experience working with the FBI in various positions.

9.      Moran suffered a severe back injury in 2005 while on duty which has left her with permanent damage to her back.  Moran's disability affects her ability to perform manual tasks, walk, stand, lift and bend and she has received medical attention related to her disability for thirteen years.  As a result of Moran's disability, her physician has restricted her to commuting time of 30 minutes or less.

10.      In late fall of 2012, Moran was selected for a Supervisory Special Agent (SSA) position in the Behavioral Science Unit (BSU).

11.      In 2012, Moran filed an EEO complaint for sexual harassment, which she settled with the Agency.

12.     Shortly after she arrived at BSU in 2013, the FBI announced that BSU was going to be merged into the Critical Incident Response Group (CIRG) from Training Division.

13.     The current section chief at CIRG was Section Chief Leonard Johns.  Johns made Moran feel that her position was in jeopardy, and so Moran began to seek other positions through lateral transfer.

14.     In or about August 2015, Moran met with Deputy Assistant Director ("DAD") Frankland Gorham about Moran's concerns over retaliation from Leonard Johns and the fact that she was not being given the same transfer opportunities as multiple other colleagues.

15.     In or about December 2015, Moran learned that Unit Chief Kristen Slater had failed to forward her medical documentation to the health services and firearms units, which later caused her to appear delinquent.

16.     From August 2015 until January 2016, Moran was out on medical leave following a back injury that required surgery and lengthy recovery time. Moran experienced complications after her surgery and required four additional months of medical leave.

17.     In or about February 2016, the FBI refused Moran's request for a four month extension to her term position as a Reasonable Accommodation based on the unexpected additional four months she had been out on medical leave.

18.     Upon Moran's return from leave in or about January 2016, she learned that she had been replaced as the Program Manager for the John Jay College of Criminal Justice Program, which was a position Moran held prior to her leave.

19.     Moran met with Johns in 2016 to discuss her future at CIRG and any opportunities for transfer.  Leonard Johns denied Ms. Moran's request and informed her that she would have to compete for posted positions.

20.     Seeking redress, Moran filed an EEO complaint in May 2016, stating she was subjected to hostile work environment, harassment based on her disability, and reprisal for prior EEO activity.

21.     Moran received the FBI's Report of Investigation on September 29, 2016, and subsequently requested a hearing before the Washington, DC EEOC Field Office on October 25, 2016.

22.     In December 2016, the FBI removed her from the Lone Offender Project, for which Moran had dedicated more than six months of work.

23.     On or about November 30, 2016, Special Agent in Charge Michael Kitsmiller requested Moran to provide instructional training during the National Academy Refresher Course in Omaha, Nebraska during the last week of April 2017.

24.     However, on January 13, 2017 Unit Chief Kristen Slater denied the request, stating only that Moran was not authorized to lead the training.

25.     In December 2016, CIRG Deputy Assistant Director Edward Reinhold informed Moran that the FBI would be transferring her from BAU-5 to Counter Improvised Explosive Devices (CIEDs). Moran had no relevant training for this position, and the FBI allowed her only one week to prepare for the assignment.

26.     Hoping to find a way to continue working in a BAU, Moran sent Deputy Assistant Director John Selleck an email requesting that the FBI consider her for a position in the BAUs after Moran learned of a colleague in BAU-4 who would soon be retiring.

27.     Again, the FBI denied Moran's request without providing any explanation.

28.    In May 2017, Moran filed a second EEO complaint for discrimination based on her disability and denial of reasonable accommodations, hostile work environment, and retaliation for engaging in protected activity.

## COUNT I: Disability Discrimination
### (Section 501 of the Rehabilitation Act)

29.    Plaintiff adopts and incorporates by reference the averments of the proceeding paragraphs as if fully set forth herein.

30.    Defendant discriminated against Plaintiff on the basis of her disability.

31.    Section 501 of the Rehabilitation Act, 29 U.S.C. § 791, makes it unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment because of disability or perceived disability.

32.    Ms. Moran suffers from a disability as defined by the Rehabilitation Act.

33.    Defendant discriminated against Plaintiff when, after returning to work in January 2016, Defendant demoted Plaintiff from her position of Program Manager for John Jay College of Criminal Justice and was assigned menial tasks, denied her request for a term extension after Plaintiff was forced to take additional medical leave, Plaintiff's new Unit Chief failed to forward her medical documentation to the health services or firearms units, Defendant denied several requests for a lateral transfer to an area within Plaintiff's expertise and skill, and Defendant transferred Moran to the Counter IED-a unit outside of her experience or area of expertise.

34.    As a result of Defendant's violations of the Rehabilitation Act, Plaintiff has suffered and is continuing to suffer injuries, including, but not limited to, damage to her career, damage to her professional and personal reputation, humiliation and emotional distress, loss of enjoyment of life, and pain and suffering.

## COUNT II: Retaliation
## (Section 501 of Rehabilitation Act)

35.     Plaintiff adopts and incorporates by reference the averments of the preceding paragraphs as if fully set forth herein.

36.     Defendant retaliated against Plaintiff on the basis of her opposition to disability discrimination and requests for reasonable accommodations for her disability.

37.     Section 501 of the Rehabilitation Act, 29 U.S.C. § 791, makes it unlawful for an employee to be subjected to harassment on the basis of her opposition to disability discrimination or for the request of a reasonable accommodation.

38.     Defendant retaliated against Plaintiff when, after she engaged in protected conduct, Defendant  demoted Plaintiff from her position of Program Manager for John Jay College of Criminal Justice and was assigned menial tasks, denied her request for a term extension after Plaintiff was forced to take additional medical leave, Plaintiff's new Unit Chief failed to forward her medical documentation to the health services or firearms units, Defendant denied several requests for a lateral transfer to an area within Plaintiff's expertise and skill, and Defendant transferred Moran to the Counter IED-a unit outside of her experience or area of expertise.

39.     As a result of Defendant's violations of the Rehabilitation Act, Plaintiff has suffered and is continuing to suffer injuries, including, but not limited to, damage to her career, damage to her professional and personal reputation, humiliation and emotional distress, loss of enjoyment of life, and pain and suffering.

## PRAYER FOR RELIEF

Based on the foregoing, Moran respectfully requests that she be awarded the following relief from the Agency:

a.      Economic damages for lost compensation and damages to Moran's career;

b.      Compensatory damages, including but not limited to pain and suffering,

emotional distress and reputational damage;

c.      Reasonable costs and experts' and attorneys' fees;

d.      An injunctive order requiring the Agency to take specific corrective action for the

discrimination and retaliation of Moran in the past and continuing to the present, and that it take

appropriate steps to protect Moran from further acts of discrimination and retaliation in the

future.

e.      Any other such relief that the Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Moran requests a trial by jury for any and all issues proper to be so tried.

Respectfully Submitted,

R. Scott Oswald
Kellee Boulais Kruse
The Employment Law Group, P.C.
888 17th Street, N.W., 9th floor
Washington, D.C. 20006
(202) 261-2838
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
kkruse@employmentlawgroup.com
*Counsel for Plaintiff*